1
2
3

## UNITED STATES DISTRICT COURT

4

## DISTRICT OF NEVADA

5   DENNIS ALBA,                                    Case No. 2:21-cv-01899-GMN-DJA

6                                   Petitioner,

7        v.                                         **ORDER**

8   UNITED STATES OF AMERICA, et al.,

9                                   Respondents.

10          Petitioner Dennis Alba, a *pro se* Nevada prisoner, has not properly commenced this habeas

11   action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in*

12   *forma pauperis* ("IFP").  He submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1) under

13   28 U.S.C. § 2241, but he did not pay the $5 filing fee or submit an IFP application.

14          Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00

15   filing fee is required to initiate a habeas action in a federal district court.  The court may authorize

16   an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP

17   application on the approved form and includes three specific documents: (a) the prisoner's

18   financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a

19   financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the

20   prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-

21   1, LSR 1-2.

22          Petitioner will have 45 days from the date of this order to either pay the $5 filing fee or

23   submit a complete IFP application with all required documentation.

24          Turning to the petition, Petitioner submitted his petition (ECF No. 1-1) on the wrong form.

25   A *pro se* petitioner is required to file his petition for writ of habeas corpus under 28 U.S.C. § 2254

26   on the court's approved form. *See* LSR 3-1; Habeas Rule 2(d) of the Rules Governing Section

27   2254 Cases in the United States District Courts. Petitioner filed his petition under 28 U.S.C.

28   § 2241. However, he is in custody pursuant to a state court judgment of conviction, so the only

1  proper basis for his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005–07

2  (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir.

3  2010) (en banc).  The form is important as it provides the Court with necessary information to

4  conduct preliminary review of the petition.  Accordingly, Petitioner must, within 45 days of the

5  date of this order, file an amended petition for habeas corpus relief on the Court's form.[1]  In doing

6  so, Petitioner is advised to follow the instructions on the form and to refrain from lengthy legal or

7  factual argument.

8  　　　　Further, Petitioner has not named a proper respondent.  Petitioner has named the United

9  States of America as the Respondent.  That is incorrect.

10  　　　　Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts

11  states that, when a petitioner is "in custody under a state-court judgment, the petition must name

12  as respondent the state officer who has custody."[2] Failure to name the proper respondent strips the

13  district court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004); *Ortiz-*

14  *Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

15  　　　　As such, Petitioner is instructed to file an amended petition that names the correct

16  respondent.

17  　　　　Petitioner must clearly title the amended petition as such by writing the word

18  "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption,

19  and he must place the case number, 2:21-cv-01899-GMN-DJA, in the designated space. Under

20  Local Rule 15-1, the amended petition must be complete in itself without reference to previously

21  filed papers. Thus, the claims and allegations that are stated in the amended petition will be the

22  only matters remaining before the Court. Any claims or allegations that are left out of the amended

23  petition or that are not re-alleged will not be considered.

24

25  [1]　Petitioner at all times remains responsible for calculating the applicable statute of
26  limitations. By ordering Petitioner to amend his petition, the Court makes no finding or
representation that either the original or amended petition will be considered timely.
27  [2]　This is typically the warden of the prison or detention facility. However, the Court
expresses no opinion as to the proper respondent in this context. *Cf.* Habeas Rule 2(b), Advisory
28  Committee Note to 1976 Adoption.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court is instructed to MAIL Petitioner (i) a blank form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with instructions, and (ii) a blank form Application to Proceed *in Forma Pauperis* ("IFP") for incarcerated litigants with instructions.

2. Within 45 days of the date of this order, Petitioner must file a complete IFP application along with (i) a financial certificate executed and signed by the petitioner and an authorized prison official, (ii) a financial acknowledgement executed and signed by the petitioner, and (iii) a statement of his inmate trust account for the six-month period prior to filing.

3. Alternatively, Petitioner will pay the $5 filing fee within 45 days.

4. Petitioner must file an amended petition on the Court's form within 45 days. Petitioner must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 2:21-cv-01899-GMN-DJA, in the designated space.

5. Petitioner's failure to comply with this Order by (a) filing an amended petition, and either (b) submitting a complete IFP application, or (c) paying the filing fee within 45 days will result in the dismissal of this action without prejudice and without further advance notice.

DATED: November 9, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3